[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11969

_____

D. C. Docket No. 03-01587-CV-PT-M

JAMES HUBBARD,

                                                    Plaintiff-Appellant,

versus

M & H VALVE COMPANY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 22, 2006)**

Before HULL and WILSON, Circuit Judges, and DUPLANTIER[*], District Judge.

PER CURIAM:

      After review and oral argument, we affirm the district court's grant of

_____

[*]Honorable Adrian G. Duplantier, United States District Court for the Eastern District of Louisiana, sitting by designation.

summary judgment to defendant-appellee M & H Valve Company ("M&H") in the district court's orders dated December 27, 2004 and March 3, 2005.  We note that in its summary judgment order addressing plaintiff-appellant James Hubbard's failure-to-promote claim, the district court cited prior precedent from this Court for the proposition that a plaintiff attempting to establish pretext based on relative qualifications must adduce evidence that the disparity in qualifications is "'so apparent as virtually to jump off the page and slap you in the face.'"  See, e.g., Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1090 (11th Cir. 2004) (citation omitted).  However, the Supreme Court has recently clarified, in Ash v. Tyson Foods, Inc., __ U.S. __, __, 126 S. Ct. 1195, 1197 (Feb. 21, 2006), that we are no longer to use the "jump off the page" standard.

Accordingly, we emphasize that the correct standard is, instead, as follows: "'disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'"  Ash, __ U.S. at __, 126 S. Ct. at 1197 (quoting Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004)).  Applying the correct standard, we find no reversible error in the district court's grant of summary judgment to M&H.

**AFFIRMED.**